J-S16039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARK F. NYE AND LINDA L. NYE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DILLON T. SHIPMAN | : | |
| NO. 15-187 | : | |
| | : | |
| | : | |
| MARK F. NYE AND LINDA L. NYE | : | No. 1327 MDA 2017 |
| | : | |
| v. | : | |
| | : | |
| DILLON T. SHIPMAN, JAMES R. | : | |
| SHIPMAN, DENISE J. NEFF, AND | : | |
| RANGE RESOURCES-APPALACHIA, | : | |
| LLC | : | |
| NO. 16-790 | : | |
| | : | |
| | : | |
| APPEAL OF: DILLON T. SHIPMAN, | : | |
| JAMES R. SHIPMAN, AND DENISE J. | : | |
| NEFF | : | |

Appeal from the Judgment Entered August 18, 2017
in the Court of Common Pleas of Lycoming County
Civil Division at Nos: 15-187
16-790

BEFORE: BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.: **FILED JUNE 06, 2018**

Appellants, Dillon T. Shipman, James R. Shipman, and Denise J. Neff, appeal from the judgment entered in favor of Appellees, Mark F. Nye and Linda L. Nye, in this quiet title action. We affirm.

We take the factual and procedural history in this matter from our review of the certified record. Appellants and Appellees own adjoining parcels

_____

* Retired Senior Judge assigned to the Superior Court.

of land in Lewis Township (the Nye Property, belonging to Appellees, and the Shipman Property, belonging to Appellants). On June 20, 2016, Appellees filed a complaint against Appellants seeking quiet title to a disputed area of property (the Disputed Area) in between their two parcels. The trial court conducted a non-jury trial on June 14, 2017.

At the beginning of trial, the parties stipulated that

> The legal description for the southern boundary of the [Nye] Property, which is also the northern boundary of the [Shipman] Property, is the same in the Deeds in the chains of title for both the [Shipman] Property and the [Nye] Property, as follows:
>
>> ". . . thence along the North line of said road [Upper Bobst Mountain Road] in an Easterly and Northerly direction **to a wooden light pole in said road**; thence in an Easterly direction at right angles to said road to a point in line of land now or formerly of Phelps or the Goodwill Hunting Club . . ."

(Stipulation, at unnumbered page 2 ¶ 5) (emphasis added in stipulation).

Appellees claimed that their deed refers to the pole located on the east side of the road (the Nye Pole), giving them title to the Disputed Area. Appellants argue that Appellees' deed refers to the pole located on the west side of the road (the Shipman Pole), giving them title to the Disputed Area.

In their stipulation, the parties agreed that Appellees' deed indicates that the Nye Property contains approximately 58 acres. The parties concur that if the court uses the Nye Pole as the monument for the boundary in dispute, the Nye Property contains 58 acres, but if the Shipman Pole is used, the Nye Property contains 50 acres. The parties agreed that although every document in the Nye chain of title indicates 58 acres, certain other documents

- 2 -

indicate 50 acres. (*See id.* at unnumbered page 5 ¶¶ 18-22). The parties disagree whether the Article of Agreement dividing the property contained the number 50 or 58 with respect to the acreage of the Nye Property. (*See id.* at unnumbered page 4 ¶ 17; Article of Agreement, 1/10/73, at 1).

Appellees' expert witness, Michael Maneval testified at trial as an expert in the field of surveying and a licensed surveyor in Pennsylvania. (*See* N.T. Trial, 6/14/17, at 59-60). He opined that, based on the description in the deed, the property boundary was marked by the Nye Pole. (*See id.* at 66). The court entered its findings of fact, conclusions of law, and verdict on July 3, 2017. (*See* Trial Court Opinion and Verdict, 7/03/17). It found Mr. Maneval's testimony credible, and found that Appellees had met their burden of proving by a preponderance of the evidence that the Nye Pole marked the property boundary and, thus, they were entitled to quiet title to the Disputed Area. Appellants filed post-sentence motions on July 13, 2017, which the trial court denied on July 17, 2017. This timely appeal followed.[1]

Appellants raise one question on review: "Did the [t]rial [c]ourt err in misinterpreting a deed description by taking the pertinent calls out of order?" (Appellants' Brief, at 2).

Appellants challenge the trial court's finding concerning the location of the wooden light pole referred to in Appellees' deed. (*See id.* at 6-11).

---

[1] Pursuant to the trial court's order, Appellants filed a concise statement of matters complained of on appeal on September 8, 2017. The trial court entered its opinion on November 1, 2017, wherein it relied, in part, on its July 3, 2017 opinion. *See* Pa.R.A.P. 1925.

Specifically, they argue: "[a] line that runs along the northern side of Upper Bobst Mountain Road, cannot possibly and does not run through a utility pole on the opposite side of Upper Bobst Mountain Road. Their theory causes an absurd result." (**Id.** at 6) (citation omitted). Therefore, they claim, the trial court's finding constitutes a misinterpretation of the deed. (**See id.** at 6-11). We disagree.

Our standard of review is well-settled:

> When reviewing a trial court's decision regarding an action to quiet title, we are limited to determining whether the findings of fact that led to the trial court's conclusions of law are supported by competent evidence. Ordinarily, an appellate court will not reverse a determination of the trial court in a quiet title action absent an error of law or capricious disregard of the evidence.

**Moore v. Duran**, 687 A.2d 822, 827 (Pa. Super. 1996), *appeal denied*, 700 A.2d 442 (Pa. 1997) (citations and quotation marks omitted).[2]

"An action to quiet title is designed to resolve a dispute over the title to real estate of which the plaintiff is in possession. The plaintiff bringing a quiet title action has the burden of proof and must recover on the strength of its

---

[2] Appellants claim that their issue concerns interpretation of a deed, and therefore argue that the standard of review should be *de novo*, and the scope of review plenary. (**See** Appellants' Brief, at 1-2; Appellants' Reply Brief, at 1-2). However, their issue clearly concerns a specific finding of fact made by the trial court, with which they disagree (the location of the wooden light pole referred to in the deed). (**See** Appellants' Brief, at 6-11). "Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion." **Anderson v. Litke Family Ltd. P'ship**, 748 A.2d 737, 739 (Pa. Super. 2000) (citation omitted).

own title." **Woodhouse Hunting Club, Inc. v. Hoyt**, 2018 WL 1530671, at *3 (Pa. Super. filed Mar. 29, 2018) (citations omitted). "In an action to quiet title, the plaintiff . . . bears the burden of proof to establish title by a fair preponderance of the evidence." **Long Run Timber Co. v. Dep't of Conservation & Nat. Res.**, 145 A.3d 1217, 1228 (Pa. Cmwlth. 2016) (citation omitted).[3]

Here, the parties agree that the correct boundary of the land runs through the "wooden light pole in said road." (Stipulation, at unnumbered page 2 ¶ 5) (emphasis omitted). Thus, the main question before the trial court was the location of the particular light pole. In rendering its verdict after the non-jury trial in this matter, the court concluded:

> In this case, a fair preponderance of the evidence supports the finding that the correct location of the boundary line in dispute is . . . determined by the wooden pole claimed by [Appellees, the Nye Pole]. A common sense reading of the deed description in this case supports the credible testimony of Mr. Maneval that the first light pole perpendicular to Upper Bobst Mo[u]ntain Road triggers the right angle and boundary line to the Goodwill Hunting Club property. The Deed description does not dictate that the light pole be on the East or West of Upper Bobst Mountain Road. No course or distances or metes and bounds or natural monuments are in the deed so that acreage described in the deed provides support for Maneval's opinion.

(Trial Ct. Op., 7/03/17, at 4).

---

[3] We note that "[t]his Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." **Petow v. Warehime**, 996 A.2d 1083, 1088 n.1 (Pa. Super. 2010), *appeal denied*, 12 A.3d 371 (Pa. 2010) (citations omitted).

Upon review, we conclude that the trial court's decision is supported by competent evidence in the record. *See Moore*, *supra* at 827. At trial, Appellees offered evidence of their deed indicating a 58-acre quantity of land, which would correspond with the Nye Pole. They also offered the expert testimony of Mr. Maneval, whom the trial court found credible, who opined that the wooden light pole referred to in the deed is the pole on the East side of the road—the Nye Pole. (*See* Trial Ct. Op., 11/01/17, at 4). Thus, the record supports the trial court's conclusion that the pole referred to is the Nye Pole. Accordingly, we agree with the trial court that Appellees met their burden of proving, by a preponderance of the evidence, that they were entitled to quiet title of the Disputed Area. *See Woodhouse Hunting Club, Inc.*, *supra* at *3. Appellants' issue does not merit relief.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/06/2018

- 6 -